IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE REINZ WISCONSIN GASKET, LLC, a cancelled Delaware limited liability company. | § § § § § § § | No. 197, 2023<br><br>Court Below—Court of Chancery of the State of Delaware<br><br>C.A. No. 2022-0859 |

Submitted: June 2, 2023
Decided: July 10, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

Upon consideration of the amended notice of interlocutory appeal and the attached exhibits, it appears to the Court that:

(1)     This interlocutory appeal arises from the Court of Chancery's letter opinion, dated May 8, 2023, holding that a cancelled entity cannot retain counsel to represent it ("Letter Opinion").   Petitioner Linda A. Cook ("Petitioner"), individually and as executor of the Estate of Roland Cook, filed a petition to nullify the certificate of cancellation and to appoint a receiver for Reinz Wisconsin Gasket, LLC ("RWG"), a defendant in asbestos litigation pending in the United States District Court for the District of Massachusetts.  Richards, Layton & Finger, P.A. ("Counsel") appeared on behalf of  RWG in the Court of Chancery action.   On March 20, 2023, the Court of Chancery issued a post-trial opinion holding that Petitioner had established good cause for appointment of a receiver and deferring

whether to nullify RWG's certification of cancellation until submission of the receiver's report.[1]  Before the parties submitted the names of three possible receivers, the court asked the parties to address how a cancelled entity could retain counsel and oppose appointment of a receiver and nullification of its cancellation.[2]

(2)	On March 31, 2023, Petitioner filed a Motion to Determine Proper Respondent and Counsel ("the Motion").  Petitioner argued that as a cancelled company RWG could not take a position in the matter or retain counsel until a receiver was appointed.  Petitioner sought to strike the appearance of Counsel, prohibit Counsel from representing any related entities, and to submit her preferred receivers unilaterally.  RWG opposed the Motion.

(3)	On May 8, 2023, the Court of Chancery granted the Motion in part in the Letter Opinion.[3]  The court held that a cancelled entity "cannot participate in the process of appointing its own receiver or retain counsel to do so" and concluded that Counsel "never actually represented RWG before this Court," leaving "it to Counsel to withdraw their purported appearances."[4]  The court directed Petitioner to submit the names of three possible receivers, but declined to rule on Petitioner's "request to

---

[1] *In re Reinz Wisconsin Gasket, LLC*, 2023 WL 2568326 (Del. Ch. Mar. 20, 2023).
[2] *Id.* at *2 n.21.
[3] *In re Reinz Wisconsin Gasket, LLC*, 2023 WL 3300042 (Del. Ch. May 8, 2023).
[4] *Id.* at *4-5.

disqualify Counsel from representing any other interested party unless and until Counsel enters their appearance."[5]

(4) On May 15, 2023, RWG, as represented by Counsel, filed an application for certification of an interlocutory appeal of the Letter Opinion and a motion for stay of further proceedings. Petitioner opposed the application and motion. On June 2, 2023, the Court of Chancery denied the application for certification and motion for stay.

(5) In denying certification, the court initially noted that the application for certification lacked the required "statement that the applicant and the applicant's counsel have determined in good faith that the application meets the criteria" of Rule 42(b)(iii). The court next found that the Letter Opinion did not decide a substantial issue of material importance because it did not decide the merits of the underlying petition. Finally, the court considered the Rule 42(b)(iii) criteria.

(6) Counsel argued that Rule 42(b)(iii)(A), Rule 42(b)(iii)(B), and Rule 42(b)(iii)(H) weighed in favor of certification. The Court of Chancery disagreed, finding that Rule 42(b)(iii)(A) (a question of law resolved for the first time) weighed against certification because the court had simply applied Delaware law to the question of a cancelled entity's retention of counsel. The court also rejected Petitioner's reliance on Rule 42(b)(iii)(B) (conflicting trial court decisions on the

---

[5] *Id.*

3

question of law) because Delaware courts had not directly addressed whether a cancelled entity could retain counsel until the Letter Opinion. As Rule 42(b)(iii)(H) (review of the interlocutory order may serve considerations of justice), the court concluded that other cases in which disqualification of counsel has been considered on interlocutory appeal were distinguishable. The court rejected Counsel's contention that cancelled entities would lose their voice in receivership actions, emphasizing that decisionmakers behind a cancelled entity could still enter their own appearances.[6] The court also reviewed the remaining Rule 42(b)(iii) criteria and determined that all of those criteria weighed against certification.

(7) The court next considered the motion for stay. Applying the four factors in *Kirpat, Inc. v. Delaware Alcoholic Beverage Control Commission*,[7] the court concluded that a stay was unwarranted.

(8) Applications for interlocutory review are addressed to the sound discretion of the Court.[8] In determining whether to accept an interlocutory appeal, this Court may consider all relevant factors, including the trial court's decision about whether to certify an interlocutory appeal.[9] We agree with the Court of Chancery that the Rule 42(B)(iii) criteria do not weigh in favor of interlocutory review and

---

[6] The Court of Chancery docket reflects that, on June 13, 2023, RWG's sole member filed a motion to intervene.
[7] 741 A.2d 356 (Del. 1998).
[8] Supr. Ct. R. 42(d)(v).
[9] *Id.*

4

that the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice